**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANUEL D. LOPES,

               Petitioner - Appellant,

  v.

MARION SPEARMAN,

               Respondent - Appellee.

No. 12-17546

D.C. No. 2:09-cv-01359-KJM-TJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 9, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

State prisoner Manuel D. Lopes appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Lopes contends that his absence at the reading of the verdict and the jury polling violated his federal due process right to be present at all critical stages of trial and resulted in prejudicial error. We review the denial of habeas relief de novo. *Murdaugh v. Ryan*, 724 F.3d 1104, 1113 (9th Cir. 2013).

We will deny Lopes's habeas petition unless the decision of the California Court of Appeal "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Assuming a constitutional right to be present existed, the California Court of Appeal found that Lopes waived the right by his voluntary absence at that stage of his trial. It is clearly established federal law that a defendant may waive his constitutional right to be present by his voluntary absence. *Diaz v. United States*, 223 U.S. 442, 455 (1912). Because the voluntary waiver exception applies, we do not reach the issue of prejudicial error, and we hold that the decision of the

2

California Court of Appeal was not based on an unreasonable determination of the facts presented in state court.

Lopes contends not that his absence was involuntary, but instead that he expected the trial court to wait for him. Lopes had been advised to remain within thirty minutes of the court until notified, and when he did not return for over an hour, the trial court proceeded without him. The trial court had no indication of whether he would appear other than his attorney's statement that he "may" return. Accordingly, the California Court of Appeal found that (1) his absence was voluntary when he failed to return within the time prescribed to him by his attorney and (2) the trial court exercised reasonable diligence, through his attorney, to locate him. These findings are not unreasonable based on the record, as we properly consider the California Court of Appeal to have considered all of the evidence before it.

Lopes failed to show that his absence was involuntary, and the California Court of Appeal did not make an unreasonable finding with regard to voluntary waiver. Under 28 U.S.C. § 2254(d)(2) we deny the petition. Even if error occurred, the voluntary waiver exception applies. We do not reach Lopes's claim that the alleged error was prejudicial.

**AFFIRMED.**

3